DAYLE ELIESON
United States Attorney
CHAD W. MCHENRY
Assistant United States Attorney
District of Nevada
KELLY PEARSON
Trial Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Chad.W.McHenry@usdoj.gov
Kelly.Pearson@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**United States of America**,

Plaintiff,

v.

**Svyatoslav Bondarenko**, ***et al.***

Defendants.

Case No. 2:17-cr-306-JCM-PAL

**Government's Motion for Alternative Victim Notification Procedures**

The United States of America, by and through DAYLE ELIESON, United States Attorney, CHAD W. MCHENRY, Assistant United States Attorney, and KELLY PEARSON, Trial Attorney, respectfully moves this Court for authorization to employ alternate victim notification procedures pursuant to 18 U.S.C. § 3771(d)(2). Given the number of victims in the above-captioned case, which the government estimates to number in the millions, it is impracticable to accord each

victim the individual notice and other rights enumerated in § 3771(a). Therefore, the United States requests authorization to notify these victims via Internet publication, in a manner described more particularly in the attached memorandum.

**DATED** this 14th day of March, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

*/ s / Chad McHenry*

CHAD W. MCHENRY
Assistant United States Attorney

DAYLE ELIESON
United States Attorney
CHAD W. MCHENRY
Assistant United States Attorney
District of Nevada
KELLY PEARSON
Trial Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Chad.W.McHenry@usdoj.gov
Kelly.Pearson@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**United States of America**,

Plaintiff,

v.

**Svyatoslav Bondarenko**, ***et al.***

Defendants.

Case No. 2:17-cr-306-JCM-PAL

**Memorandum in Support of Government's Motion for Alternative Victim Notification Procedures**

The United States of America, by and through DAYLE ELIESON, United States Attorney, CHAD W. MCHENRY, Assistant United States Attorney, and KELLY PEARSON, Trial Attorney, respectfully submits this memorandum in support of its motion to employ alternative victim notification methods, pursuant to 18 U.S.C. § 3771(d)(2), in the above-captioned case.

## Statement of Facts

For the past four years, United States law enforcement have been investigating the Infraud Organization, a highly sophisticated transnational cybercrime enterprise. The investigation has shown that, among other things, the Infraud Organization engaged in the large-scale trafficking of compromised credit card data, counterfeit identification documents, and stolen identities. Over the course of the Organization's seven-year lifespan, the investigation revealed that it inflicted in excess of $530 million USD in actual, recorded losses, and in excess of $2 billion USD in "intended losses,"[1] in furtherance of its affairs.

The losses were primarily inflicted through the use of compromised credit card and other financial data. To date, the investigation has recovered in excess of 4.3 million compromised credit card numbers, issued by a large number of financial institutions nationwide and throughout the world, and issued in the name of nearly as many separate individuals. Beyond the damage inflicted upon the private citizens in whose name the compromised accounts were issued, fraudulently used, and potentially later charged off and/or collected, a large number of stolen identities were also recovered, which were used to further the Organization's illicit schemes.

## Analysis

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings.

[1] *See* U.S.S.G. § 2B1.1(b)(1).

18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

The staggering number of victims in this case makes compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the Government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, due to the large number

of victims in this case, the Government intends to use the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-specific website where all required notices will be posted. The Government will issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information. Victim notification at the corrections stage will be provided through the Bureau of Prisons' website, www.bop.gov.

## Conclusion

For the foregoing reasons, the Government requests that this Court grant its motion permitting the use of alternative methods of victim notification.

**DATED** this 14th day of March, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

*/ s / Chad McHenry*

CHAD W. MCHENRY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PROCEDURES** was served upon counsel of record via Electronic Case Filing (ECF).

**DATED** this 14th day of March, 2018.

*/ s / Chad McHenry*

CHAD W. MCHENRY
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**United States of America**,

Plaintiff,

v.

**Svyatoslav Bondarenko**, ***et al.***

Defendants.

Case No. 2:17-cr-306-JCM-PAL

**Order on Alternative Victim Notification Procedures**

Having reviewed the Government's motion for permission to engage in alternative victim notification procedures, and good cause being shown:

**IT IS ORDERED** that the Government's motion is GRANTED. The United States shall provide any notifications required by 18 U.S.C. § 3771 to the pool of potential victims in the above-captioned case via the Internet.

*- The rest of this page left intentionally blank. -*

**IT IS FURTHER ORDERED** that the United States shall post a link on the Department of Justice's large case website, located at http://www.justice.gov/large-cases/, that will direct potential victims to a website under the Government's control that will contain all case-specific notifications required by 18 U.S.C. § 3771.

**DATED** this 21st day of March, 2018.

______________________________
Hon. Peggy A. Leen
United States Magistrate Judge
District of Nevada